UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULINE BRIDGES, et al., | No. 23-cv-00685-DAD-JDP |
| Plaintiffs, | |
| v. | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS |
| KOHL'S STORES, INC., | |
| Defendant. | (Doc. No. 30) |

This matter is before the court on the motion to dismiss filed by defendant Kohl's Stores, Inc. on April 15, 2024. (Doc. No. 30.) On April 16, 2024, defendant's motion was taken under submission on the papers pursuant to Local Rule 230(g). (Doc. No. 31.) For the reasons explained below, defendant's motion to dismiss plaintiffs' second amended complaint ("SAC") will be granted in part and denied in part.

**BACKGROUND**

As relevant for the resolution of the pending motion, plaintiffs' allegations in their SAC are largely unchanged from those set forth in their first amended complaint ("FAC"). In brief, plaintiffs allege the following in their SAC.

Plaintiff Thomas Neal and plaintiff Pauline Bridges are in a relationship with each other and are both domiciled in San Francisco County, California. (Doc. No. 28 at ¶¶ 1, 18.) Plaintiff

1

1  Neal is a Black man and plaintiff Bridges is a white woman.  (*Id*. at ¶¶ 17–18.)  On September 19,
2  2022, plaintiffs entered the Kohl's store in Stockton, California.  (*Id*. at ¶ 12.)  During their time
3  shopping, a loss prevention associate named Erica "made herself extremely present."  (*Id.* at
4  ¶¶ 12, 17.)  Plaintiffs were uncomfortable with Erica's hostile disposition and how aggressively
5  she followed them.  (*Id*. at ¶ 12.)  At some point while shopping, plaintiff Bridges decided to step
6  outside the store for a few minutes to get some air.  (*Id.* at ¶ 13.)  Before doing so, she asked
7  plaintiff Neal to grab a shoe box marked with a clearance tag that matched the shoes they had
8  already put in their cart so they could show the clearance tag to the clerk at checkout.  (*Id.* at
9  ¶¶ 13, 15.)

10  As plaintiff Neal attempted to return to the shoe department, Erica approached him and
11  asked if she could help.  (*Id.* at ¶ 14.)  Plaintiff Neal responded that he was fine and explained that
12  he was returning to the shoe department to grab a pair of shoes that were marked on clearance
13  that matched the pair that he already had in his cart.  (*Id.* at ¶ 15.)  Erica then pulled out her
14  phone, looked at the shoes, and informed plaintiff Neal that those shoes would not be on
15  clearance because of their popularity.  (*Id.* at ¶ 16.)  Plaintiff Neal felt uncomfortable and turned
16  the cart around to head towards the jewelry department.  (*Id.* at ¶ 17.)  Erica grabbed the cart and
17  said she would take it to customer service until Neal's girlfriend came back in and was ready to
18  check out.  (*Id*.)

19  Plaintiff Neal then walked outside to meet plaintiff Bridges and let her know what had
20  happened.  (*Id.* at ¶ 18.)  Together the plaintiffs went back into the store, headed for the shoe
21  department, and found the same shoes that Erica had said were not on sale marked for clearance.
22  (*Id*.)  Plaintiffs then picked up several boxes of shoes, went to the front, and spoke with the
23  manager about the entire situation.  (*Id.* at ¶ 19.)  The manager apologized profusely and
24  accompanied plaintiffs to pick up their cart and then to the checkout stand.  (*Id.*)

25  This incident has subsequently bothered plaintiffs every day.  (*Id.* at ¶ 22.)  Plaintiff Neal
26  has lost confidence in himself and feels as if he is subhuman because of the color of his skin.
27  (*Id.*)  Plaintiff Bridges is devastated and feels like she would always be targeted if she associates
28  with a person of color.  (*Id.*)

1     Based on these allegations set forth in their SAC, both plaintiffs bring the following claim
2  against defendant:  discrimination in violation of California's Unruh Civil Rights Act ("Unruh
3  Act"), California Civil Code §§ 51, *et seq*.

4     On May 19, 2023, defendant filed a motion to dismiss plaintiffs' FAC, which brought
5  plaintiffs' claim under the Unruh Act and claims for intentional infliction of emotional distress,
6  negligent hiring, training, supervision, and/or retention, and discrimination in violation of 42
7  U.S.C. § 1981.  (Doc. No. 10.)  On February 13, 2024, the court issued an order granting
8  defendant's motion to dismiss.  (Doc. No. 25.)  The court granted leave to amend as to all claims
9  but advised plaintiffs to only file a SAC if they continued to wish to pursue this action.  (*Id*. at
10 13.)

11    Plaintiffs filed their SAC on April 3, 2024.  (Doc. No. 28.)  On April 15, 2024, defendant
12 filed the pending motion to dismiss plaintiffs' SAC in its entirety pursuant to Federal Rule of
13 Civil Procedure 12(b)(6).  (Doc. No. 30-1.)  On May 1, 2024, plaintiffs filed an opposition to the
14 pending motion to dismiss, and on May 9, 2023, defendant filed its reply thereto.  (Doc. Nos. 32,
15 33.)

**LEGAL STANDARD**

17    The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal
18 sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.
19 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of
20 sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901
21 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to
22 relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A
23 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
24 the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v.*
25 *Iqbal*, 556 U.S. 662, 678 (2009).

26    In determining whether a complaint states a claim on which relief may be granted, the
27 court accepts as true the allegations in the complaint and construes the allegations in the light
28 most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  However,

the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## ANALYSIS

**A.     Plaintiff Neal's Claim**

The Unruh Act "is a public accommodations statute that focuses on discriminatory behavior by business establishments." *Stamps v. Superior Court*, 136 Cal. App. 4th 1441, 1452 (2006) (citation omitted). The Act states that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b).

To state a claim under the Unruh Act, a plaintiff must sufficiently allege the following elements: (1) he suffered discrimination "in a business establishment;" (2) his protected status "was a motivating factor;" (3) the defendant's action "was the result of its intentional discrimination" against the plaintiff; and (4) the "wrongful conduct caused him to suffer injury." *H.M. v. Cnty. of Kern*, No. 1:20-cv-1339-JLT-BAM, 2022 WL 1625183, at *3 (E.D. Cal. May 23, 2022). "To plead intentional discrimination, [a] plaintiff cannot merely invoke his race in the course of a claim's narrative." *Jimenez v. Home Depot Inc.*, No. 2:23-cv-00937-WBS-AC, 2023 WL 5021266, at *3 (E.D. Cal. Aug. 7, 2023). Further, a personal belief of discrimination, without any factual support, is "insufficient to satisfy federal pleading standards." *Corral v. Bank of Am., N.A.*, No. 16-cv-00964-EMC, 2016 WL 4070132, at *4 (N.D. Cal. July 29, 2016).

Rather, a plaintiff must include "some factual context that gives rise to a plausible inference of discriminatory intent." *Duronslet v. Cnty. of Los Angeles*, 266 F. Supp. 3d 1213, 1217 (C.D. Cal. 2017).

In its pending motion to dismiss, defendant argues that plaintiff Neal still has not adequately plead the third required element of his Unruh claim because "[p]laintiffs made minimal changes from the [FAC]" and their amended allegations still contain no facts supporting plaintiff Neal's allegation that the loss prevention associate's conduct was undertaken with discriminatory intent. (Doc. No. 30-1 at 2, 6–8.) Just as they did in their FAC, plaintiffs allege in their SAC that discriminatory intent is clear because defendant's "employee seized Plaintiffs' cart from Plaintiff Neal (a Black customer) promising to return it only when Plaintiff Bridges (a White customer) returned to the store." (Doc. No. 28 at ¶ 32.) Plaintiffs now also allege that "[o]ther [n]on-Black customers who were inside the store during the incident were not treated in the same way" and their "carts were not seized." (*Id*. at ¶¶ 27, 32.) Plaintiffs previously alleged in their FAC that "[o]ther [n]on-Black customers were not treated in the same way and never treated in the same way." (Doc. No. 6 at ¶ 32.) In its prior order, the court granted defendant's motion to dismiss plaintiff Neal's Unruh Act claim, finding that the facts alleged in support of plaintiffs' claims were conclusory. (Doc. No. 25 at 5.) In its currently pending motion to dismiss, defendant observes that plaintiffs made no other changes to their FAC that would support the assertion of a discriminatory intent besides this "slight[] re-word[ing]." (Doc. No. 30-1 at 3–4, 6–8.) In its opposition, plaintiffs do not point to any other changes or new allegations set forth in their SAC that further support discriminatory intent.

True, plaintiffs' rewording in their SAC is slight. Nonetheless, the court does find it to be meaningful. Plaintiffs' previous allegation that "[o]ther [n]on-Black customers were not treated in the same way and never treated in the same way" was both vague and conclusory, because plaintiffs did not specify the treatment that they were referring to, and they appeared to be referring to all non-Black customers over an infinite time-frame, with no allegation explaining how they could possibly have such insight. Plaintiffs have now clarified that they are specifically alleging that plaintiff Neal was treated differently than other non-Black customers in the store at

5

1   the same time as him because his cart was seized and theirs were not.  While this is still a thin

2   allegation in support of the assertion of a discriminatory intent, the court finds that plaintiff Neal

3   has now sufficiently states a claim under the Unruh Act at the pleading stage.  *See James v. U.S.*

4   *Bancorp*, 816 F. App'x 181, 182 (9th Cir. 2020) (reversing the district court's dismissal of the

5   plaintiffs' Unruh Act claim, finding that the plaintiffs' allegations "were sufficient to show

6   intentional discrimination" where the Black plaintiffs alleged only that they were treated

7   differently in the process of opening accounts than white citizens who lived a similar distance

8   from the bank and that one Black plaintiff was able to open an account over the phone but was

9   rejected in person); *Jimenez*, 2023 WL 5021266, at *3 (finding that the plaintiffs' allegations that

10  they were stopped and asked to show their receipts were "insufficient to state a claim under the

11  Unruh Act" because their complaint lacked "allegations that other Hispanic customers were asked

12  to show their receipts or that non-Hispanic customers were not asked to show their receipts").

13          Accordingly, while his allegations are fairly characterized as slim, the court nonetheless

14  finds that upon amendment plaintiff Neal has alleged sufficient facts to state a claim under the

15  Unruh Act.

16  **B.      Plaintiff Bridges's Claim**

17          Defendant again argues that plaintiff Bridges's Unruh Act claim must be dismissed due to

18  her lack of standing since plaintiffs do not allege that any discriminatory conduct was directed

19  towards Bridges, and plaintiffs allege that she was outside the store when the allegedly

20  discriminatory conduct directed at Neal occurred.  (Doc. No. 30-1 at 8.)  In their opposition,

21  plaintiffs argue that plaintiff Bridges did suffer unequal treatment, even though she was not

22  present when the shopping cart was seized, because the shopping cart contained items that both

23  she and plaintiff Neal wanted to purchase, and plaintiff Bridges may not have had to go back into

24  the store if it were not for defendant's alleged conduct.  (Doc. No. 32 at 4.)

25          Again, the California Supreme Court has explained that "a person suffers discrimination

26  under the [Unruh] Act when the person presents himself or herself to a business with an intent to

27  use its services but encounters an exclusionary policy or practice that prevents him or her from

28  using those services."  *White v. Square, Inc.,* 7 Cal. 5th 1019, 1023 (2019).  Plaintiffs have added

1  no allegations in their SAC that plaintiff Bridges was prevented from using defendant's services.
2  Instead, plaintiffs still allege that shortly after she returned inside the store, plaintiffs retrieved
3  their shopping cart and went to the checkout stand where they were assisted by the store's
4  manager. (Doc. No. 28 at ¶¶ 18–19.) These allegations remain insufficient to state a cognizable
5  Unruh Act claim on behalf of plaintiff Bridges. *See Dalton v. Home Away, Inc.,* No. 1:21-cv-
6  1722-AWI-HBK, 2022 WL 4537912, at *13 (E.D. Cal. Sept. 28, 2022) ("A plaintiff must have
7  actually been the victim of the defendant's discriminatory action.").

8  Moreover, it is clear to the court that the granting of further leave to amend would be
9  futile, as plaintiffs received an opportunity to cure this noted deficiency previously but made no
10 attempt to do so. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that "repeated failure to
11 cure deficiencies by amendments previously allowed" can justify denial of further leave to
12 amend); *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("Here, the district court
13 denied leave to amend because 'Plaintiffs have had ample opportunity to properly plead a case
14 and have failed to do so.' Indeed, the district court gave Plaintiffs specific instructions on how to
15 amend the complaint, and Plaintiffs did not comply. . . . The district court did not abuse its
16 discretion by denying leave to amend."). Accordingly, plaintiff Bridges's Unruh Act claim will
17 be dismissed without further leave to amend.

**CONCLUSION**

19 For the reasons explained above:
20 1. Defendant's motion to dismiss plaintiffs' second amended complaint (Doc. No.
21    30) is granted in part and denied in part, as follows;
22    a. Defendant's motion to dismiss plaintiff Neal's Unruh Act claim is denied;
23    b. Defendant's motion to dismiss plaintiff Bridges' Unruh Act claim is
24       granted, without leave to amend;
25 2. Plaintiff Bridges is dismissed as a plaintiff in this action; and
26 /////
27 /////
28 /////

7

3. The Clerk of the Court is directed to update the docket to reflect that plaintiff Pauline Bridges has been terminated as a named plaintiff from this action.

IT IS SO ORDERED.

Dated: __**October 30, 2024**__

DALE A. DROZD
UNITED STATES DISTRICT JUDGE